**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

LUDIE PERDUE,

                    Plaintiff,

v.                                                              CIVIL ACTION NO.   2:11-cv-01011

CITY OF CHARLESTON, et al.,

                    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court are the defendant City of Charleston's Motion to Dismiss and the defendant Officer Kapeluck's Partial Motion to Dismiss [Docket 10].   For the reasons discussed below, the City of Charleston's Motion to Dismiss is **GRANTED in part** and **DENIED in part** and Officer Kapeluck's Partial Motion to Dismiss is **DENIED**.

I.   **Background**

This action arises out events that took place on or about October 21, 2010.   On this date, officers from the City of Charleston (the City) Police Department SWAT team entered plaintiff Ludie Perdue's home in order to serve arrest warrants on the plaintiff's sons.   (Compl. [Docket 4] at 6).   The plaintiff alleges that, after breaking through her door and throwing a flash grenade, Officers Kapeluck and John Doe entered her bedroom and kicked her several times while she lay face-down on the floor, fracturing her ribs and necessitating medical treatment.   (Compl. at 7). The plaintiff filed suit in this court against Officers Kapeluck and Doe in their individual and official capacities, and against the City.   She brings her claims pursuant to 42 U.S.C. §§ 1983,

1

1985, and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, the West Virginia Constitution, statutes and common law. The defendants filed the instant motion under Rule 12(b)(6) seeking to dismiss the plaintiff's claims against the City and to partially dismiss the plaintiff's claims against Officer Kapeluck for failure to state a claim for which relief may be granted. (Mot. to Dismiss [Docket 10].) The parties have fully briefed this motion and the matter is now ripe for review.

## II.    Standard

A motion to dismiss filled under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarranto v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. As the Supreme Court reiterated in *Ashcroft v. Iqbal*, that standard "does not require 'detailed factual allegations' but 'it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) for the proposition that "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'"). A court cannot accept as true legal conclusions in a complaint that merely recite the elements of a cause of action supported by conclusory statements. *Iqbal*, 129 S. Ct. at 1949-50. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts that allow the court to

2

draw the reasonable inference that the defendant is liable, and those facts must be more than merely consistent with the defendant's liability to raise a claim from merely possible to probable. *Id.*

In determining whether a plausible claim exists, the court must undertake a context-specific inquiry, "[b]ut where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the Complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id.* at 1950 (quoting FED. R. CIV. P. 8(a)(2)). A complaint must contain enough facts to "nudge[] [a] claim across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570.

## III.     Discussion

The defendants' motion challenges the plaintiff's claims against Officer Kapeluck under the West Virginia Constitution as well as the City's vicarious liability for any state law claims. The City also argues that the plaintiff has failed to state a claim of negligence against the City itself.  Finally, the defendants attack the validity of the plaintiff's claims against both Kapeluck and the City under 42 U.S.C § 1983.   Each of the defendants' challenges is dealt with in turn.

### A.  State Constitutional Tort

The Complaint asserts that Officer Kapeluck violated Article II, § 6 of the West Virginia Constitution.   The plaintiff claims that the officers entering her home used excessive force and behaved unreasonably while attempting to serve arrest warrants on her sons. (Compl. at 6, 7). Kapeluck, however, argues that because he entered the plaintiff's home in an attempt to effectuate valid warrants, the entry and any search that took place was lawful.

Article II, § 6 of the West Virginia Constitution incorporates the Fourth Amendment to the United States Constitution and guarantees that "the rights of the citizens to be secure in their

3

houses, persons, papers and effects, against unreasonable searches and seizures, shall not be violated." W. VA. CONST. art. II, § 6.   The mere presence of a search warrant does not end the Fourth Amendment reasonableness inquiry.   *See, e.g.*, *Warden v. Hayden*, 387 U.S. 294 (1967). A fact finder must determine whether the actions of the officer "exceeded that which a reasonable officer would have employed in executing a warrant under similar circumstances."   *Noel v. Artson*, 641 F.3d 580, 594 (4th Cir. 2011).   This determination "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."   *Graham v. Connor*, 490 U.S. 386, 396 (1989).   A search can be unreasonable even if it is conducted pursuant to a warrant if officers behave unreasonably during the course of a search.   For example, "the reasonableness inquiry under the Fourth Amendment includes the common law principle that law enforcement officers should knock and announce their presence and then wait a reasonable period of time before entering a residence."   *Johnson v. City of Aiken*, 271 F.3d 839, 844 (4th Cir. 2000).

In this case, the plaintiff alleges that officers battered down the door of her home and threw a flash grenade in the course of effectuating arrest warrants.   According to the Complaint, the officers did not knock or announce their presence before breaking into the plaintiff's home.   *See Johnson*, 271 F.3d at 844.   There was no indication that individuals in the home posed a threat that necessitated breaking in and using a flash grenade, nor did the underlying property theft crime suggest that these tactics were reasonable.[1]   *See Graham*, 490 U.S. at 396.   Viewed in the light most favorable to the plaintiff, the tactics utilized by the officers were unreasonable given all "of

---

1 While it is not pled in the Complaint, it is stated in the plaintiff's response to Defendants' Motion to Dismiss that these warrants were for property theft crimes [Docket 14].   The defendants did not dispute this fact in their reply to the plaintiff's response [Docket 16].

4

the attending and surrounding circumstances" of the search.  *Id.*.  Accordingly, Kapleuck's Motion to Dismiss the plaintiff's constitutional tort claim under Article II, § 6 of the West Virginia Constitution is hereby **DENIED**.

### B.  Vicarious Liability of the City

Next, the defendants argue that the City cannot be held vicariously liable for its officers' actions under West Virginia law.   Specifically, the defendants argue that the West Virginia Tort Claims Insurance Reform Act (the Act) bars vicarious liability from reaching the City in this case. Under the Act, "a political subdivision is not liable in a civil action for injury, death, or loss to persons or property allegedly caused by . . . an employee . . ." unless certain exceptions apply.   W. VA. CODE 29-12A-3(b)(1).   These exceptions provide that vicarious liability can reach a political subdivision where (1) the injury is caused by the negligent operation of a vehicle or (2) the injury is caused by the negligence of employees while acting within the scope of employment.   W. VA. CODE § 29-12A-4(c).  The Complaint makes no allegation that this injury arose out of the negligent operation of a vehicle, so (2) is the applicable subsection in this case.   At no point in her Complaint does the plaintiff allege that the officers acted negligently.   On the contrary, the plaintiff clearly claims that the officers acted "maliciously…or in a wanton or reckless manner." Recklessness and negligence are not the same for the purposes of the Act.   *See, e.g.*, *Kelley v. City of Williamson*, 221 W. Va. 506, 513 (2007) (observing that a jury must determine whether officers behaved negligently, subjecting the City to liability under the Act, or acted recklessly, subjecting themselves to liability).  As the Complaint does not allege that the officers acted negligently, neither of the exceptions laid out in West Virginia Code § 29-12A-4(c) are invoked in this case and the plaintiff's claims for vicarious liability against the City are barred by the Act.

5

The plaintiff argues that the Act does not apply to vicarious liability for constitutional violations.  It is true that the Act excepts "civil claims based upon alleged violations of the constitution or statutes *of the United States* . . . ." from its provisions.   W. VA. CODE § 29-12A-18(e) (emphasis added).   To the extent the plaintiff alleges intentional or reckless violations of state statutes and common law or the West Virginia constitution, however, this exception is irrelevant and her claim for vicarious liability against the City is barred.   The City's Motion to Dismiss the plaintiff's claims for vicarious liability under West Virginia law is hereby **GRANTED**.

### C.  Negligent Hiring, Retention, Training, and Supervision

The Complaint asserts claims against the City based on alleged negligence "in the hiring, retention, training and/or supervision of . . . defendants Kapeluck and Doe." (Compl. at 17).   The City argues that the plaintiff's claim of negligent hiring must be dismissed because the plaintiff failed to allege sufficient facts to state a claim.   To determine whether negligent hiring or retention has taken place, the West Virginia Supreme Court of Appeals applies the following test:

> When the employee was hired or retained, did the employer conduct a reasonable investigation into the employee's background vis a vis the job for which the employee was hired and the possible risk of harm or injury to co-workers or third parties that could result from the conduct of an unfit employee? Should the employer have reasonably foreseen the risk caused by hiring or retaining an unfit person?

*State ex rel. W. Va. State Police v. Taylor*, 201 W. Va. 554, 560 (1997).   This standard requires plaintiffs to show some deficiency in the investigation or foresight of the employer.   Though plaintiffs are not expected to provide "detailed factual allegations," a well pled complaint must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   Reviewing the entirety of the Complaint, the plaintiff has failed to state any facts or make any allegations that go to the City's hiring or retention of officers

6

Kapeluck and Doe.   The Complaint states simply that the "City of Charleston failed to exercise reasonable care in the hiring, retention, training, and/or supervision of their employees, defendants Kapeluck and Doe."   The plaintiff makes no allegations regarding the adequacy of the City's investigation into an officer's "background vis a vis the job for which the employee was hired," as required under the West Virginia test for negligent hiring or retention.   *Taylor*, 201 W. Va. at 560 (1997).   Even taking the facts in the light most favorable to the plaintiff, this Complaint fails to state a valid claim based on negligent hiring or retention and the City's Motion to Dismiss this claim is **GRANTED**.

The plaintiff does, on the other hand, make allegations which suggest a deficiency in the City's supervision and training of its officers.   West Virginia recognizes negligent supervision and training of an employee as an independent cause of action.   *See, e.g.*, *Pruitt v. West Virginia Dept. of Public Safety*, 222 W.Va. 290 (2008).   "Under West Virginia law, negligent supervision claims must rest upon a showing that the employer failed to properly supervise its employees and, as a result, those employees proximately caused injury to another."   *Ferrell v. Santander Consumer USA, Inc.*, No. 2:11-cv-0260, 2012 WL 929820, at *5 (S.D. W. Va. Mar. 19, 2012) (citing *Taylor v. Cabell Huntington Hosp., Inc.*, 208 W.Va. 128 (2000)).   The Complaint claims that the City failed to adequately "train, supervise, and discipline its police officers regarding the circumstances which constitute probable cause for an arrest and the necessity of conducting a reasonable investigation."   (Compl. at 27).   The plaintiff also alleges "that the defendant City acted in attempting to cover up the incident which is the subject of this Complaint."   (Compl. at 27).   These allegations coupled with the officer's alleged behavior during the search are enough to state a claim against the City based on negligent supervision and training.   The City's Motion to

7

Dismiss is therefore **DENIED** with respect to the plaintiff's claim for negligent supervision and training.

### D.  Fourteenth Amendment Claim under § 1983

Next, the defendants assert that the plaintiff has failed to state a claim for substantive due process under the Fourteenth Amendment.  The Supreme Court has established that, in the context of a search or seizure, the appropriateness of the force or tactics used by an officer "should be analyzed under the Fourth Amendment and its reasonableness standard, rather than under a substantive due process approach."  *Graham v. Connor*, 490 U.S. 386, 395 (1989).   In this case, the Complaint alleges that the defendants violated Perdue's constitutional rights under both the Fourth and Fourteenth Amendments.  (Compl. [Docket 4], at 25.)  However, nothing in the Complaint suggests that the Fourteenth Amendment is intended to be a due process claim rather than an incorporation reference.   In fact, due process is not mentioned either in the Complaint or in the plaintiff's response in opposition to the motion for summary judgment.   Accordingly, the court **FINDS** that the plaintiff has not pled a substantive due process claim.

### E.  "*Monell* Claim" under § 1983

Finally, the defendants have asked the court to dismiss the claims made against the City pursuant to 42 U.S.C. § 1983.   Normally "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.   Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).   The United States Supreme Court has also held that, in certain limited circumstances, a municipality can be liable

8

under §1983 for inadequate training of its employees.  *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *see also Connick v. Thompson*, 131 S.Ct. 1350 (2011).

The plaintiff's Complaint states that her injuries were caused by the City's custom or policy of failing to adequately hire or train its employees "regarding the circumstances which constitute probable cause for an arrest and the necessity of conducting a reasonable investigation." (Compl. at 27).   Taking the facts in the light most favorable to the plaintiff, the Complaint states a claim for failure to train.   For these reasons the City's Motion to Dismiss the plaintiff's *Monell* claim is **DENIED**.

## IV.    Conclusion

For the reasons discussed above, the City's Motion to Dismiss is **GRANTED** with respect to the plaintiff's claims of vicarious liability for state constitutional, statutory, and common law violations, and **GRANTED** with respect to the plaintiff's claim of negligent hiring and retention. The motion is **DENIED** with respect to the plaintiff's claim of negligent supervision and training, and **DENIED** with respect to the plaintiff's *Monell* claim under § 1983.   Kapeluck's Partial Motion to Dismiss is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        June 25, 2012

Joseph R. Goodwin, Chief Judge

9